FILED

**UNITED STATES DISTRICT COURT** AM 10: 28
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CARLOS ORTIZ and VICTOR VALERIO,**
**on behalf of themselves and**
**all others similarly situated,**

     **Plaintiffs,**

v.                                    Case Number: 6:17-cv-1879-ORL-40-DCI

**METTERS INC. d/b/a**
**METTERS INDUSTRIES, INC.,**

     **Defendant.**
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, CARLOS ORTIZ and VICTOR VALERIO, (collectively "Plaintiffs") file this

Class Action Complaint against Defendant, METTERS INC. d/b/a METTERS INDUSTRIES,

INC. ("Defendant"), state as follows:

## NATURE OF ACTION

1.    This is a class action for collection of unpaid wages and benefits for sixty (60)

calendar days pursuant to the Workers Adjustment and Retraining Notification Act of 1988, 29

U.S.C. §§ 2101-2109 et. Seq. ("WARN Act") for Count I.

2.    The Defendant is liable under the WARN Act for the failure to provide the Plaintiffs

and the other similarly situated former employees at least 60 days' advance notice of their

termination as required by the WARN Act.

3.      Count II of this Complaint is filed as a collective action under 29 U.S.C. § 216(b), and is brought by employees of Defendant who performed services and were denied wage compensation during the applicable limitations period by who owned and operated a plant/ manufacturing facility in Orlando, Florida.

4.      Plaintiffs bring a collective action on behalf of themselves and all other similarly situated employees who were denied at least minimum wage for all hours they worked as required by the FLSA. Defendant is liable for willfully denying minimum wages to Plaintiffs and all others similarly situated who performed work under the FLSA.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 206 and 29 U.S.C. § 2104(a)(5).

6.      Venue is proper in the Middle District of Florida, because Defendant's violations occurred in its facility located in Orlando, FL, which lies within the Middle District.

7.      This Complaint is filed as a collective action under 29 U.S.C. § 216(b) as to Count II.

8.      This Complaint is filed as a class action under the Federal Rules of Civil Procedure 23 as to Count I.

## PARTIES

9.      Plaintiff CARLOS ORTIZ is a resident of Florida and was employed by Defendant until his termination without cause in or about October 27, 2017.

10.     Plaintiff VICTOR VALERIO is a resident of Florida and was employed by All Defendant  until his termination without cause in or about October 27, 2017.

2

17.     Defendant operates a manufacturing facility which has several locations, including but not limited to, a facility in located at 12501 Research Pkwy, Orlando, FL 32826, which employs hundreds of employees.

## GENERAL ALLEGATIONS

20.     Plaintiffs have satisfied all conditions precedent, or they have been waived.

21.     Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

22.     Plaintiffs request a jury trial for all issues so triable.

23.     At all times material to this Complaint, Plaintiffs were "employees" of Defendant.

24.     At all times material to this Complaint, Defendant was and is a corporation that is authorized to do business in the State of Florida.   Defendant is an employer subject to the requirements of the FLSA and the WARN Act.

25.     At all times material hereto, Plaintiffs were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

26.     As part of their regular job duties for Defendant, Plaintiffs routinely and regularly used and/or handled items moving in the stream of commerce.

27.     At all times material hereto, Plaintiffs were "employees" of Defendant within the meaning of the FLSA.

28.     At all times material hereto, All Defendant was considered an "employer" within the meaning of the FLSA.

29.     All Defendants continue to be an "employer" within the meaning of the FLSA.

30.     The Defendant, at all times relevant to this action, were enterprises covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

31.   Defendant, at all times relevant to this action, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203(s).   Alternatively, Plaintiffs were engaged in interstate commerce.

32.   The annual gross sales volume of the Defendant exceeded $500,000.00 per year, at all times relevant to this action.

## STATEMENTS OF FACTS

33.   Plaintiffs' and other similarly situated employees' employment were terminated as part of plant shutdowns as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act from Defendant.

34.   In October 2017, approximately 170 other similarly situated employees who reported to the Defendant's facilities were terminated as part of plant shutdowns at its Orlando, Florida location.

35.   Pursuant to the WARN Act, the plaintiffs maintain this action on behalf of themselves and on behalf of each of the other similarly situated former employees.

36.   Each of the other similarly situated former employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

37.   The Defendant was required by the WARN Act to give the Plaintiffs and other similarly situated former employees or the representatives at least 60 days advance written notice of their respective termination.

38.   Prior to their terminations, neither the Plaintiffs nor the other similarly situated former employees or their representatives received written notice that complied with the requirements of the WARN Act.

4

39.     The Defendant failed to pay the Plaintiffs and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay vacation which would have accrued for sixty (60) days following their respective termination without notice and failure to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

40.     Plaintiffs worked for Defendant during the statutory period.

41.     At all times material hereto, Plaintiffs worked hours at the direction of Defendant, were not paid at least the applicable federal minimum wage for all of the hours that they worked under the FLSA.

42.     All of the Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

43.     In exchange for Plaintiffs' services, Defendant agreed to pay Plaintiffs a wage at an hourly rate.

44.     Defendant failed to pay Plaintiffs all wages owed to Plaintiffs, including all wages earned during a four-week period prior to Defendant's facilities closing.

45.     Plaintiffs' unpaid hourly rate constitutes "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

46.     All Defendants' failure to pay Plaintiffs all of Plaintiffs' wages, including their hourly rate for all hours worked, was willful.

## FLSA COLLECTIVE ACTION ALLEGATIONS

47.     Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated who performed work and were not paid at least minimum wage for all hours they

worked ("FLSA Class"), at any time during the period from three years the preceding the filing of this Complaint to the present (the "Class Period").

48.     Plaintiffs are and have been members of the proposed FLSA Classes described herein.

49.     Defendant engaged in commerce as defined by 29 U.S.C. §203(s)(1)(A) because at all times material hereto it had an annual gross volume of sales in excess of $500,000.00.

50.     The number of persons in the proposed FLSA Class herein is so numerous that joinder of all such persons would be impracticable.  While the exact number and identities of all such persons are unknown to Plaintiffs at this time and can only be obtained through appropriate discovery, Plaintiffs are informed and believe, and on that basis allege, that the proposed FLSA Class herein includes over 100 persons.

51.     Disposition of Plaintiffs' claims in a collective action will benefit all parties and the Court.

52.     There is a well-defined community of interest presented by the proposed FLSA Class herein in that, among other things, each member of the proposed FLSA Class has an interest in receiving the minimum wage required by the FLSA for the hours they have worked for Defendant, obtaining other appropriate legal relief for the harm of which Plaintiffs complains, and obtaining other adequate compensation for the common damages which Plaintiffs and all other persons similarly situated have suffered as a result of Defendant's actions.

53.     Each Class Member herein was requested to, or suffered or permitted to work, at some time during the Class Period for which they have not been properly compensated, in that they have not received the minimum wage required by the FLSA.

6

54.     A collective action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

55.     The prosecution of separate actions by individual members of the proposed Class herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the proposed Class which would or may establish incompatible standards of conduct for Defendant and which would also create a risk of adjudications with respect to individual members of the proposed Class herein which would, as a practical matter, be dispositive of the interests of other members of the proposed Class not parties to the particular individual adjudications, and/or would or may substantially impede or impair the ability of those other members to protect their interests.

56.     Common questions of law and fact exist in this case with respect to the proposed Class which predominate over any questions affecting only individual members of the Class and which do not vary between members thereof.

57.     At some time during the Class Period, all of the individuals in the proposed Class herein have been employed by Defendant and did not receive minimum wages for their work performed, as described more fully herein.

58.     All members of the proposed Class herein have worked hours and have not received at least minimum wage for all hours worked, depriving them of their legal rights, guaranteed by the FLSA, to be paid at least minimum wage for all hours worked.

59.     The common questions of fact involved in this case include, without limitation, whether each member of the proposed Class herein have: (1) worked hours during the Class Period for which they have not been paid at least the minimum wage required by the FLSA.

7

60.     The common questions of law involved in this case include, without limitation: (1) whether Class Members performed labor for Defendant as employees; (2) whether Defendant violated the FLSA by failing to pay its employees at least the legally required minimum wage for each and every hour worked; and, (3) whether Plaintiff and those other persons similarly situated are entitled to general and/or special damages as a result of any of the legal violations complained of herein, and the nature of such damages.

61.     The claims of the named Plaintiffs in this case are typical of those of the other Class Members which he seeks to represent, in that, among other things, Plaintiffs and each Class Member have sustained damages and are facing irreparable harm because of, and arising out of, a common course of conduct engaged in by Defendant as complained of herein.

62.     The claims of the named Plaintiffs herein are coincident with, and not antagonistic to, the claims of other Class Members which the named Plaintiff seeks to represent.

63.     The named Plaintiffs herein will fairly and adequately represent and protect the interests of the members of the proposed Class which he seeks to represent.  Plaintiffs do not have any interests which are antagonistic to the interests of the proposed Class herein.

64.     Counsel for Plaintiffs are experienced, qualified and generally able to conduct complex collective action legislation.

65.     By virtue of Defendant's unlawful failure to pay Class Members the minimum compensation required by Federal law, Defendant and or third parties have received substantial sums of money, and has realized profits from the unpaid labor of literally thousands of employees during the applicable limitations period.

8

66.     The relief sought in this action is necessary to restore to members of the proposed

Class the money and property which Defnedant illegally acquired through the unlawful treatment

of each Class Member as described herein.

## RULE 23 CLASS ACTION ALLEGATIONS

67.     Plaintiffs assert their Rule 23 class claim on behalf of the Putative Classes defined

as follows:

> **WARN ACT CLASS:  All persons and a class of employee who worked at or
> reported to the Defendant's and were laid off without cause by the Defendant
> as part or as the reasonably foreseeable result of plant shutdowns ordered by
> the Defendants at the facilities (the "Class") in October 2017.**

68.     Plaintiffs are and have been members of the Putative Unpaid Wages Class

("Putative Rule 23 Classes") described herein.

69.     The number of persons in the Putative Rule 23 Classes herein is so numerous that

joinder of all such persons would be impracticable.  While the exact number and identities of all

such persons are unknown to Plaintiffs at this time and can only be obtained through appropriate

discovery, Plaintiffs are informed and believe, and on that basis allege, that the Putative Rule 23

Classes herein include over 100 persons.

70.     Disposition of Plaintiffs' claims in a class action will benefit all parties and the

Court.

71.     There is a well-defined community of interest presented by the Putative Rule 23

Classes herein in that, among other things, each member of the Putative Rule 23 Classes have an

interest in collecting unpaid wages, obtaining other appropriate legal relief for the harm of which

Plaintiffs complain, and obtaining other adequate compensation for the common damages which

Plaintiffs and all other persons similarly situated have suffered as a result of Defendant's actions.

9

72.     Each Class Member herein has performed labor for Defendant at Defendant's request at some time during the Class Period, and were laid off and denied all wages earned because of the willful withholding of compensation by Defendant.

73.     A class action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

74.     The prosecution of separate actions by individual members of the Putative Rule 23 Classes herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the Putative Rule 23 Classes which would or may establish incompatible standards of conduct for Defendant and which would also create a risk of adjudications with respect to individual members of the Putative Rule 23 Classes herein which would, as a practical matter, be dispositive of the interests of other members of the Putative Rule 23 Classes not parties to the particular individual adjudications, and/or would or may substantially impede or impair the ability of those other members to protect their interests.

75.     Common questions of law and fact exist in this case with respect to the Putative Rule 23 Classes which predominate over any questions affecting only individual members of the Class and which do not vary between members thereof.

76.     At some time during the Class Period, all of the individuals in the Putative Rule 23 Classes herein have been employed by Defendant and were laid off and denied wages for all hours worked, as described more fully herein.

77.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy- particularly in the context of WARN Act litigation, where the individual Plaintiffs and class member may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

78.     There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether the Class Member were employees of the Corporate Defendants who worked at or reported to Defendant's Facilities;

(b) Whether the Defendant ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act; and

79.     The claims of the named Plaintiffs in this case are typical of those of the other Class Members which they seek to represent, in that, among other things, Plaintiffs and each other Class Member have sustained damages and are facing irreparable harm because of, and arising out of, a common course of conduct engaged in by Defendant as complained of herein.

80.     The claims of the named Plaintiffs herein are coincident with, and not antagonistic to, the claims of other Class Members which the named Plaintiffs seek to represent.

81.     The named Plaintiffs herein will fairly and adequately represent and protect the interests of the members of the Putative Class which they seek to represent. Plaintiffs do not have any interests which are antagonistic to the interests of the Putative Class herein.

82.     Counsel for Plaintiffs are experienced, qualified and generally able to conduct complex class action legislation.

83.     The relief sought in this action is necessary to restore to members of the Putative Class the money and property which Defendant has illegally acquired through the unlawful treatment of each Class Member as described herein.

11

84.     Plaintiffs intend to send notice to all members of the Putative Class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the Putative Class members are available from Defendant's records.

## COUNT I – WARN ACT VIOLATIONS CLASS ACTION CLAIM

85.     At all relevant times, Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act, and employed more than 50 employees at the facilities.

86.     At all relevant times, Defendants was an "employer" of the Class Members as that term is defined by the WARN Act.

87.     In October 2017 Defendant ordered "plant shutdowns," as that term is defined by the WARN Act.

88.     Defendant's actions at the Facilities resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

89.     . Defendant's termination of the Class Members' employment constituted plant shutdowns as defined by the WARN Act.

90.     The Plaintiffs and each of the Class Members who were employed and then terminated by Defendant as a result of Defendant's executing plant shutdowns at the Facilities were "affected employees" as defined by the WARN Act.

91.     The Plaintiffs and each of the Class Members are "aggrieved employees" of Defendant as that term is defined by the WARN Act.

92.     Pursuant to the WARN Act, Defendant was required to provide 60 days prior written notice of the termination, or notice as soon as practicable, to the affected employees, on their representative, explaining why the sixty (60) day prior notice was not given.

93.     Defendant failed to give at least sixty (60) days prior notice of the termination in violation of the WARN Act.

94.     Defendant failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective termination, and failed to make the pension and 401(k) contributions, provided other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

95.     As a result of Defendant's failure to pay wages, benefits and other monies as asserted, the Plaintiffs and Class Members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of their termination.

**WHEREFORE,** the Plaintiffs and Class Members demand trial by jury and judgment against Defendant as follows:

a)      An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employees' termination, that would have been

13

covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determinate in accordance with the WARN Act, 29 U.S.C§ 2104(a)(1)(A);

b)      Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, Plaintiffs and the Other Similarly Situated Former Employees constitute a single class;

c)      Interest as allowed by law on the amounts owed under the proceeding paragraphs;

d)      The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act; and

e)      Such other and further relief as this Court may deem just and proper.

## COUNT II – FLSA MINIMUM WAGE COLLECTIVE ACTION CLAIM

96.      This claim is brought by all Named Plaintiffs on behalf of all similarly-situated employees were denied at least minimum wages for all hours worked against Defendant.

97.      Plaintiffs reallege and readopt the allegations of above of this Complaint, as though fully set forth herein.

98.      During the statutory period, Plaintiffs and the Class worked for Defendant, and they were not paid the applicable federal minimum wage for the hours that they worked, as mandated by the FLSA.

99.      Defendant failed to compensate Plaintiffs and the Class at a rate that was at least equal to the applicable federal minimum wage.

14

100.   The Members of the Class are similarly situated because they all were subject to Defendant's common policy and practice of failing to pay its employees at a rate that was at least equal to the applicable federal minimum wage, in accordance with the FLSA.

101.   This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 206(a)(1)(C). As a result, Plaintiffs and the Members of the Class who have opted in to this action are each entitled to an amount equal to their unpaid minimum wages as liquidated damages.

102.   Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

103.   As a result of the foregoing, Plaintiffs and the Class have suffered damages.

*WHEREFORE*, Plaintiffs and all similarly situated employees who join this collective action demand:

(a)   Designation of this action as a collective action on behalf of the Plaintiffs and the prospective Class that they seek to represent, in accordance with the FLSA;

(b)   Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c)   Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

15

(d)   Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)   Judgment against Defendant for an amount equal to the unpaid minimum wages of Plaintiffs and all opt-in Members of the Class;

(f)   A declaratory Defendant stating that the practices complained of herein are unlawful under the FLSA;

(g)   Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiffs and opt-in Members of the Class at the applicable statutory minimum wage, as liquidated damages;

(h)   Judgment against Defendant stating that its violations of the FLSA were willful;

(i)   To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)   All costs and attorney's fees incurred in prosecuting these claims; and

(k)   For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all issues so triable.

Dated this 1st day of November, 2017.

Respectfully submitted,

**CHAD A. JUSTICE**
Florida Bar Number: 121559
Direct No. 813-254-1777
**BLACK ROCK TRIAL LAWYERS**
201 S Westland Avenue
Tampa, Florida 33606
Main No.: 813-254-1777
Facsimile: 813-254-3999
E-mail: chadjustice@blackrocklaw.com
E-mail: litigation@blackrocklaw.com
**Attorneys for Plaintiff**

17