## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CARLOS ORTIZ and VICTOR VALERIO, on
behalf of themselves and all others similarly
situated,

    Plaintiffs,

v.                                          Case Number: 6:17-cv-01879-PGB-DCI

METTERS INDUSTRIES, INC. and
SAMUEL METTERS, an individual,

    Defendants.
_____/

## DEFENDANT SAMUEL METTERS' PARTIAL MOTION TO DISMISS COUNT I OF SECOND AMENDED COMPLAINT

Defendant SAMUEL METTERS ("Dr. Metters"), by and through his undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss Count I of the Second Amended Complaint against Dr. Metters, and states:

### INTRODUCTION

Count I of the Second Amended Complaint, titled "WARN ACT VIOLATIONS CLASS ACTION CLAIM" and seeking redress for a supposed violation of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, should be dismissed as against Dr. Metters.[1]

---

[1] Because Dr. Metters is moving to dismiss Count I of the Second Amended Complaint, Dr. Metters' time to answer Count II of the Second Amended Complaint is automatically extended until 10 days after the Court disposes of this motion. *See, e.g.*, *Beaulieu v. Bd. of Trustees of Univ. of W. Fla.*, Case No. 3:07-cv-30, 2007 WL 2020161, *2 (N.D. Fla. July 9, 2007) (collecting cases examining Rule 12(a)(4) and Rule 12(b)(6) and concluding that "a party need not file an answer while a partial motion to dismiss is pending," and "Defendant's motion to dismiss, therefore, automatically extends its time to answer under Rule 12(a)(4) until after the court has ruled on Defendant's motion to dismiss.")

Although, in some respects, Count I appears to have been pled *only* against Dr. Metters' co-Defendant, METTERS INDUSTRIES, INC. d/b/a METERS INC. (the "Corporate Defendant"), there are allegations in Plaintiffs' Second Amended Complaint that appear to be an attempt to establish Dr. Metters' individual liability. (Doc. 27), ¶¶13, 15, 21. And, after filing the Second Amended Complaint, Plaintiffs moved for entry of a final default judgment, which, if granted, would have awarded damages under the WARN Act against *both* Dr. Metters and the Corporate Defendant. (Doc. 39).

Thus, it appears that Plaintiffs are seeking to hold Dr. Metters individually liable for the supposed WARN Act violation of the Corporate Defendant. Accordingly, and in an abundance of caution, Dr. Metters is moving to dismiss Count I of the Second Amended Complaint because: (1) there is no individual liability under the WARN Act; and (2) there is no "alter ego" liability under the WARN Act; or, alternatively, (3) the factual allegations for a finding of alter ego are legally insufficient under Florida law.

## MEMORANDUM OF LAW

**I.      Legal Standard.**

Dr. Metters moves to dismiss Count I of the Second Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and the pleading standard required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2) and (3). A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. Notwithstanding the assumption of the truth of the factual allegations of a complaint, where there

is a dispositive legal issue which precludes the requested relief, dismissal is warranted. *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (citations omitted). "This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding." *Id.* at 326-27.

**II.     Count I Should Be Dismissed Because The WARN Act Does Not Provide For Individual Liability.**

To the extent Plaintiffs are attempting to hold Dr. Metters individually liable for the supposed WARN Act violation of the Corporate Defendant, Count I of the Second Amended Complaint should be dismissed. The WARN Act does not provide for individual liability. The WARN Act provides, in part, that "[a]n employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice" of the closing or layoff to the affected employees or their representative. 29 U.S.C. § 2102(a). The WARN Act applies only to "employers." *Id.* at § 2101(a)(1). Section 2101(a)(1) defines "employer" as any "business enterprise" that employs 100 or more employees. *Id.*

In *Cruz v. Robert Abbey, Inc.*, 778 F. Supp. 605, 608-09 (E.D.N.Y. 1991), the Eastern District of New York analyzed the WARN Act's definition of "employer" to determine whether the owner of a company could be held liable for violating the WARN Act's notification requirements. The *Cruz* court noted that "[a] review of the statute, its applicable regulations and its legislative history indicate that 'employer' does not include individual persons." *Cruz*, 778 F. Supp. at 608. Specifically, the WARN Act authorized the Secretary of Labor to promulgate the necessary regulations to enforce the WARN Act, which provide as follows:

> "The term 'employer' includes non-profit organizations of the requisite size. Regular Federal, State, local and federally recognized Indian tribal governments are not covered. However, the term 'employer' includes public and quasi-public entities which engage in business (i.e., take part in a commercial or industrial enterprise, supply a service or good on a mercantile basis, or provide independent

> management of public assets, raising revenue and making desired investments), and which are separately organized from the regular government, which have their own governing bodies and which have independent authority to manage their personnel and assets."

*Id.* at 608-09 (citing 20 C.F.R. § 639.3). Further, the Senate-House Conference report that accompanied the WARN Act legislation provided, in pertinent part, as follows:

> '*Employer*.' The Conference Agreement retains the Senate Amendment language that the term 'employer' means a business enterprise. *The Conferees intend that a 'business enterprise' be deemed synonymous with the terms company, firm or business*, and that it consist of one or more sites of employment under common ownership or control. For example, General Motors has dozens of automobile plants throughout the country. Each plant would be considered a site of employment, but as provided in the bill, there is only one 'employer' - General Motors.

*Id.* at 609 (citing House Conf. Rep. No. 100-576, 100th Cong., 2nd Sess., 1045, 1046 [reprinted in 5 U.S. Code Cong. & Admin. News [1988], 2078, 2079] (emphasis added)).

Therefore, the *Cruz* court reasoned that the term "employer" was meant to apply *only* to corporate entities—and *not* to individuals. *See Cruz*, 778 F. Supp. at 609; *see also Solberg v. Inline Corp.*, 740 F. Supp. 680, 685 (D. Minn. 1990) (explaining that, although "WARN is a remedial statute and must be construed broadly[,] . . . such a view does not counsel a court to disregard entirely the plain meaning of the words used by Congress.") Because "neither the statute, the regulations nor the legislative [history] makes any reference to 'persons,' let alone to persons who are the 'alter-ego' of a corporation," the *Cruz* court held that the WARN Act did not subject individuals to liability. *Cruz*, 778 F. Supp. at 609.

Although the Eleventh Circuit has not addressed individual liability under the WARN Act, nearly every district court decision on the matter has followed the holding of *Cruz*. *See, e.g.*, *Pierluca v. Quality Res., Inc.*, Case No: 8:16-cv-1580-T-30AEP, 2016 WL 4163565, *1 (M.D. Fla. Aug. 5, 2016); *Regal v. Butler & Hosch, P.A.*, Case No. 15-CIV-61081-BLOOM,

2015 WL 11198248, *3-*4; *Garnett-Bishop v. N.Y. Cmty. Bancorp, Inc.*, No. 12-CV-2285 (ADS)(ARL), 2014 WL 5822628, *16-*17 (E.D.N.Y. Nov. 6, 2014) (citing *Warshun v. N.Y. Cmty. Bancorp, Inc.*, 957 F. Supp. 2d 259, 267 (E.D.N.Y. 2013)); *Smith v. ABC Training Ctr. Of Md., Inc.*, Civil No. JFM-13-306, 2013 WL 3984630, *5 (D. Md. Aug. 1, 2013) (noting plaintiffs' failure "to cite any cases in which individuals have been held liable for corporate WARN Act violations"); *Hollowell v. Orleans Reg'l Hosp.*, No. Civ.A. 95-4029, 1998 WL 283298, *8-*9 (E.D. La. May 29, 1998) *aff'd sub nom. Hollowell v. Orleans Reg'l Hosp. LLC*, 217 F.3d 379 (5th Cir. 2000); *Wallace v. Detroit Coke Corp.*, 818 F. Supp. 192, 195 (E.D. Mich. 1993) *disapproved of on other grounds in United Mine Workers of Am., AFL-CIO v, Peabody Coal Co.*, 38 F.3d 850, 854 (6th Cir. 1994); *Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dep't Stores, Inc.*, 778 F. Supp. 297, 315-16 (E.D. La. 1991), *aff'd in part, rev'd in part on other grounds in Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dep't Stores, Inc.*, 15 F.3d 1275 (5th Cir. 1994).

In short, because the WARN Act does not provide for individual liability, Count I of the Second Amended Complaint should be dismissed as against Dr. Metters.

**III.     Count I Should Be Dismissed Because The Warn Act Does Not Provide For "Alter Ego" Liability.**

As introduced above, Plaintiffs make allegations in paragraphs 13, 15, and 21 of the Second Amended Complaint appear to be an attempt to establish Dr. Metters' "alter ego" liability for the supposed WARN Act violation of the Corporate Defendant:

> 13.     Corporate Defendant is owned and operated by Samuel Metters, Individual Defendant.
>
> 15.     As CEO of Corporate Defendant, Samuel Metters – Individual Defendant oversaw the operations of Corporate Defendant.  Individual Defendant had the authority to hire and fire employees, determine the work schedules of employees, set the pay rate of employees, and control the finances and operations of the

> Corporate Defendant. Ultimately, Individual Defendant exercised significant day-to-day control over Corporate Defendant, including with respect to personnel management, and daily business operations.
>
> 21. All Defendants controlled day-to-day functions, including with respect to control over employees, compensation, hours worked, and payments made (or not made) [to] employees for work completed. In fact, Individual Defendant Samuel Metters uses Corporate Defendant as his alter ego because he owns and operates it exclusively – so they are, in fact, one in the same.

(Doc. 27), ¶¶13, 15, 21. These allegations are included in the sections of the Second Amended Complaint titled "PARTIES" and "GENERAL ALLEGATIONS," which are applicable to Count I. (Doc. 27).

However, just as there can be no individual liability under the WARN Act, there can also be no "alter ego" liability. *See, e.g.*, *Pierluca*, 2016 WL 4163565 at *1 ("there is nothing in WARN that supports Plaintiffs' argument that Mercuris can be individually liable as Quality Resources' alter ego"); *Regal*, 2015 WL 11198248 at *3 ("Because an individual cannot be liable under the [WARN] Act, [Plaintiffs' alter-ego] allegations, nevertheless, fail.") Although the Eleventh Circuit has not addressed an alter ego exception under the WARN Act, it has rejected similar arguments with respect to Title VII. *See Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) ("there is nothing in Title VII that supports Dearth's claim that individual liability can be imposed on the basis of the alter ego doctrine"). In *Pierluca*, this Court held that it "sees no basis for the Eleventh Circuit to depart from this reasoning with respect to individual liability under WARN." *Pierluca*, 2016 WL 4163565, *1 n.1. Accordingly, Count I should be dismissed as against Dr. Metters.

### IV. Alternatively, Count I Should Be Dismissed Because Plaintiffs' "Alter Ego" Allegations Are Legally Insufficient Under Florida Law.

Alternatively, Count I should be dismissed because Plaintiffs failed to establish as a matter of law that the Corporate Defendant was Dr. Metters' alter ego. Under Florida law, the

corporate veil may be pierced to reach a shareholder "'in only the most extraordinary cases.'" *Court-Appointed Receiver of Lancer Offshore, Inc. v. Citco Grp. Ltd*, No. 05-60055-CIV, 2011 WL 1232986, *6 (S.D. Fla. Mar. 30, 2011) (quoting *Old West Annuity & Life Ins. Co. v. Apollo Grp.*, No. 03–cv–354, 2008 WL 2993958, *7 (M.D. Fla. Aug. 1, 2008)).

Florida courts "have adopted a very stringent three-prong test," which requires a party to plead that:

> (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact nonexistent and the shareholders were alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant.

*Id.* Conclusory recitations of these three requirements do not meet the pleading requirements imposed by the federal rules and render the pleading deficient as a matter of law. *See, e.g.*, *Erben v. Raymond James European Holdings, Inc.*, No. 8:11-CV-933-T-23AEP, 2011 WL 2601362, *2-5 (M.D. Fla. June 30, 2011) (granting motion to dismiss piercing the corporate veil claim for conclusory pleading).

Here, in an apparent attempt to satisfy the first prong of the three-prong test set forth above, Plaintiffs allege little more than the conclusion that the Corporate Defendant is Dr. Metters "alter ego." (Doc. 27), ¶21. However, "entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Court-Appointed Receiver of Lancer Offshore, Inc.*, 2011 WL 1232986, *6. (quotations and citation omitted). Although Plaintiffs do allege that Dr. Metters, "owns," "operates," and exercises certain "controls" over the Corporate Defendant, these allegations merely describe the ownership and management structure of many closely held corporations. *See, e.g.*, *Sun Trust Bank v. Sun Int'l. Hotels Ltd.*, 184 F. Supp. 2d 1246, 1269 (S.D. Fla. 2001) (the fact that

corporations create subsidiaries to perform specific functions for related companies does not provide justification to pierce the corporate veil).

Moreover, Plaintiffs make no attempt to allege facts that would establish the second or third prongs of the three-prong test set forth above. *See generally* (Doc. 27). Indeed, the only damages Plaintiffs are seeking to recover in Count I of the Second Amended Complaint are damages for the supposed violation of the WARN Act by the Corporate Defendant. These purported damages arise out of an alleged failure by the Corporate Defendant to comply with a statutory notice requirement. There is no allegation whatsoever that these damages are connected in any way to the use of the corporate form for any fraudulent or improper purpose.

Accordingly, even assuming Plaintiffs could maintain their claim against Dr. Metters for individual liability under the WARN Act, they have failed to sufficiently plead their "alter ego" theory, and Count I of the Second Amended Complaint should be dismissed as against Dr. Metters.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Dr. Metters respectfully requests the Court to: (1) grant this motion; (2) dismiss Count I of the Second Amended Complaint against Dr. Metters; and (3) grant any other relief deemed just and proper.

Date: September 21, 2018.                                         Respectfully submitted,

*/s/ Sara A. Brubaker*
Lillian Chaves Moon
Florida Bar Number: 0365210
Sara A. Brubaker
Florida Bar Number: 0105769
AKERMAN LLP
420 South Orange Avenue, Suite 1200
Orlando, Florida 32801
Email: lillian.moon@akerman.com
Secondary: barbara.morrison@akerman.com

        Email: sara.brubaker@akerman.com
        Secondary: karilynn.alhasnawi@akerman.com
        Telephone: (407) 423-4000
        Facsimile: (407) 843-6610
        *Attorneys for Samuel Metters*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

        */s/ Sara A. Brubaker*
        Sara A. Brubaker
        FL Bar No. 105769