**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CARLOS ORTIZ and VICTOR VALERIO, on behalf of themselves and all others similarly situated,

        Plaintiff,

v.                                        Case No: 6:17-cv-1879-Orl-40DCI

METTERS INDUSTRIES, INC. d/b/a METTERS INC., and SAMUEL METTERS,

        Defendants.
_____/

## **ORDER**

This cause comes before the Court without oral argument on Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b), filed December 20, 2018. (Doc. 66 ("**Motion**")). On January 3, 2019, Defendant Samuel Metters filed a Notice of Non-Objection to the Motion. (Doc. 71). With briefing complete, the matter is ripe. Upon consideration, the Motion is due to be granted.

**I.   BACKGROUND**

Plaintiffs, Carlos Ortiz and Victor Valerio, bring this suit for unpaid wages against Defendants. (Doc. 27). Named Plaintiffs sue on behalf of themselves and a class of similarly situated individuals pursuant to both Fed. R. Civ. P. 23 (for claims under the Workers Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*) and Section 216(b) of the Fair Labor Standards Act of 1938 ("**FLSA**"), 29 U.S.C. § 201 *et seq.* (*Id.*). The Motion seeks conditional certification of the Section 216(b) putative class. (Doc. 66).

This lawsuit's roots can be traced to Metters Inc.'s Orlando manufacturing facility, which was shuttered at the direction of Samuel Metters in October 2017. (Doc. 27, ¶ 31). Defendant Samuel Metters owned and operated the facility in question, which employed approximately 100 individuals. (*Id.* ¶ 13; Doc. 67, ¶ 11; Doc. 68, ¶ 13; Doc. 69, ¶ 13; Doc. 70, ¶ 14). When Defendants closed the facility, Plaintiffs were terminated and not paid for the final (between five and twelve) weeks of employment. (Doc. 27, ¶ 41; Doc. 67, ¶ 6; Doc. 68, ¶ 7; Doc. 69, ¶ 6; Doc. 70, ¶ 6).

After Defendants refused to pay Plaintiffs wages that were due, Plaintiffs brought this action. Plaintiffs now seek to certify a FLSA Minimum Wage Class, defined as:

> All employees who worked for Defendants at their Orlando, Florida, facility who were not paid minimum wage for all hours worked during the weeks of September 1, 2017, through October 27, 2017.

(Doc. 66, p. 3). Thus far, two Plaintiffs have opted into this class: Gary Marshall and Harry Stafford. (Docs. 69, 70).

Named Plaintiffs represent that they and the class they seek to represent are similarly situated. (Doc. 66, pp. 9–11). Plaintiffs and potential class members worked for Defendants at the Orlando facility and all suffered the same harm—unpaid wages for the final weeks of employment for Defendants. (Doc. 27, ¶¶ 38, 41; Doc. 67, ¶ 6, Doc. 68, ¶ 7; Doc. 69, ¶ 6; Doc. 70, ¶ 6). Further, both Ortiz and Valerio were employed by Defendants as machinists at the facility. (Doc. 67, ¶ 3; Doc. 68, ¶ 3). Opt-in Plaintiff Marshall was a model maker, and opt-in Plaintiff Stafford was a quality inspector. (Doc. 69 ¶ 3; Doc. 70, ¶ 3).

## II. STANDARD OF REVIEW

Section 216 of the FLSA authorizes employees to sue on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b). Courts utilize a two-tiered approach when resolving motions for collective action certification under the FLSA:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001); *see also Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003).

At the notice stage, the Court must determine (1) whether other employees desire to opt in to the action; and (2) whether the employees who desire to opt in are "similarly situated." *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991). As noted above, the Court applies a fairly lenient standard. *Cameron-Grant*, 347 F.3d at 1243 n.2. "Ultimately, the court must satisfy itself that there are other employees who are similarly situated and who desire to opt in." *Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1334 (M.D. Fla. 2007).

## III.   DISCUSSION

### A.   Other Opt-In Plaintiffs

First, Plaintiffs must shoulder the "burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist[] in the broad class that they proposed." *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983). Evidence that other employees desire to opt in often takes the form of affidavits from employees and consents to join the lawsuit. *Vondriska*, 564 F. Supp. 2d at 1334. Certification of a collection action and the consequent notice to potential class members under § 216(b) must not be used to determine whether other employees desire to opt in. *Id.* Rather, a showing that other employees desire to opt-in is a prerequisite to conditional certification.

In support of their argument that a large group of Defendants' former employees seek to participate in their class, Plaintiffs submit affidavits from themselves and two opt-in Plaintiffs. (Docs. 67–70). The affidavits provide that Plaintiffs—and the class they seek to assemble—worked without pay for a substantial period of time and are thus owed unpaid wages. Plaintiffs have thus carried their burden as to step one. *See, e.g.*, *Reina-Mujica v. Avatar Props., Inc.*, No. 6:08-cv-2000, 2009 WL 10670318, at *2 (M.D. Fla. Apr. 21, 2009); *Robbins-Pagel v. Puckett*, No. 6:05-cv-1582, 2006 WL 3393706, at *2 (M.D. Fla. Nov. 22, 2006).

### B.   Similarly Situated Employees

Second, Plaintiffs must show that the other employees that seek to join are "similarly situated." "A plaintiff need only demonstrate that his or her position is 'similar, not identical' to the positions held by the potential plaintiffs." *Gonzales v. Hair Club for Men, Ltd.*, No. 6:06–cv–1762, 2007 WL 1079291, at *2 (M.D. Fla. Apr. 9, 2007) (quoting

4

*Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)). In making this determination, the Court must consider potential class members' "job requirements and pay provisions and the commonality of their claims." *Vondriska*, 564 F. Supp. 2d at 1334–35. "[V]ariations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at [the notice] stage." *Scott v. Heartland Home Finance, Inc.*, No. 01:05-cv-2812, 2006 WL 1209813, at *3 (N.D. Ga. May 3, 2006).

Here again, Plaintiffs have carried their burden. Plaintiffs contend that the entire class was subject to Defendants' improper policy of denying them pay during their final weeks of employment. Plaintiffs have thus shown that the individuals seeking to opt in are similarly situated. *See Molina v. Ace Homecare LLC*, No. 8:16-CV-2214, 2017 WL 3605377, at *2 (M.D. Fla. Aug. 21, 2017); *Vondriska*, 564 F. Supp. 2d at 1336.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) (Doc. 66) is **GRANTED**.

2. Defendants, Metters Industries, Inc. and Samuel Metters, shall produce to Plaintiffs' counsel, within **fourteen (14) days** from the date of this Order, a list containing the names and last known addresses of all putative class members who worked for Defendants between September 1, 2017, and October 27, 2017 (the "**List**");

3. Plaintiffs' counsel shall have **fifteen (15) days** from the date Plaintiffs receive the List to send a notice to all individuals named on Defendants' List

(the "**Notice**"). The Notice shall be in the form attached as Exhibit A to Plaintiffs' Motion (Doc. 66–1); and

4. Any individual whose name appears on the List shall have **ninety (90) days** from the date the Notices are initially mailed to file a Consent to Join Collective Action in the form attached as Exhibit B to Plaintiffs' Motion (Doc. 66–2).

**DONE AND ORDERED** in Orlando, Florida on January 28, 2019.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties